**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Rodriguez, | ) No. CV-05-0189-PHX-JAT |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| United States of America, | ) |
| Defendant. | ) |
| | ) |

Pending before this Court is the United States of America's Renewed Motion to Dismiss and for Summary Judgment ("Motion").  (Doc. # 23).  Plaintiff filed an Objection to Defendant's Renewed Motion to Dismiss and for Summary Judgment ("Objection"). (Doc. # 27).  The Court now rules on the Motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background, for purposes of this Order, is summarized herein.  Plaintiff attempted to claim exemption from income tax withholding on his W-4 for the 2003 tax year.  However, the Internal Revenue Service ("IRS") determined that Plaintiff received wages, tips, or other compensation in 2003 that required withholding. Plaintiff then filed a Form 843 (Claim for Refund and Request for Abatement).  In the Form 843, Plaintiff sought return of the amounts withheld, and alleged that wages are neither income, nor subject to withholding, and that withholding, in general, is unconstitutional.  The IRS assessed a $500.00 frivolous return penalty against Plaintiff for filing a false W-4 and

1    provided him with notice of his right to a collection due process ("CDP") hearing.  Plaintiff

2    requested a face-to-face CDP hearing pursuant to 26 U.S.C. § 6330(a)(3)(B).  The CDP

3    hearing was scheduled for October 18, 2004 regarding the frivolous return penalties assessed

4    against Plaintiff, as well as his income tax liabilities for the 1994, 1995, and 1996 tax years.

5    Plaintiff did not appear at the scheduled hearing, and now objects to the CDP hearing

6    conducted in his absence.

7         On December 17, 2004, the IRS sent Plaintiff two Notices of Determination: one

8    concerning the frivolous return penalty and the other concerning the income tax liabilities.

9    The Notices informed Plaintiff that the IRS would begin to collect the levies assessed on both

10   the frivolous return penalty and the income tax liabilities.  The attachments to the Notices

11   outlined the IRS's reasoning, as well as the determination that the IRS complied with all

12   applicable laws, regulations, and administrative procedures.  Further, the IRS Appeals

13   Officer found that Plaintiff's objections to the tax liabilities and return penalty were

14   frivolous.  The IRS began collection activity on the levies, despite the initiation of judicial

15   proceedings.

16        On January 18, 2005, Plaintiff filed a Complaint with the District Court seeking

17   judicial review of the CDP hearing and the determination.  Plaintiff filed this Complaint

18   within 30 days of receiving the Notices of Determination.  The United States filed a Motion

19   to Dismiss and for Summary Judgment.  On November 30, 2005, Plaintiff amended his

20   Complaint to include a claim for injunctive relief under 26 U.S.C. § 6330 and damages for

21   unauthorized collection action under 26 U.S.C. § 6334.

22        In his Amended Complaint, Plaintiff asserts that unauthorized collection activity

23   continued, despite filing this action on January 18, 2005.  Examination of the IRS's

24   collection files revealed that the tax levies at issue in the CDP hearing did continue after

25   Plaintiff filed this action.  As a result of the examination, the IRS ceased levying on October

26   31, 2005, and placed freeze codes on Plaintiff's relevant accounts.  Further, the IRS alleges

27   that it is administratively refunding the $8,449.83 surrendered through the unauthorized

28   collection action.

1   Defendant has renewed its Motion for Summary Judgment with respect to Plaintiff's

2   challenge of the IRS's frivolous return penalty, and further moves to dismiss Plaintiff's

3   remaining claims, which include requests for judicial review of the income tax liabilities,

4   injunctive relief, and damages for the unauthorized collection action.

5   **II.   DISCUSSION**

6   **A.   Summary Judgment Concerning the Frivolous Return Penalty**

7   Arguing that Plaintiff's claim for judicial review lacks merit, Defendant moves for

8   summary judgment to affirm the frivolous return penalty assessed by the IRS. Defendant

9   argues that Plaintiff raises only frivolous arguments in his challenge, and that Plaintiff's W-4

10  and Form 843 render the frivolous return penalty appropriate under 26 U.S.C. § 6702.

11  Summary judgment is appropriate when "the pleadings, depositions, answers to

12  interrogatories, and admissions on file, together with affidavits, if any, show that there is no

13  genuine issue as to any material fact and that the moving party is entitled to summary

14  judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated

15  "against a party who fails to make a showing sufficient to establish the existence of an

16  element essential to that party's case, and on which that party will bear the burden of proof

17  at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

18  Initially, the movant bears the burden of pointing out to the Court the basis for the

19  motion and the elements of the causes of action upon which the non-movant will be unable

20  to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-

21  movant to establish the existence of material fact. *Id.* The non-movant "must do more than

22  simply show that there is some metaphysical doubt as to the material facts" by "com[ing]

23  forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.*

24  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P.

25  56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury

26  could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

27  242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create

28  a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However,

1   in the summary judgment context, the Court construes all disputed facts in the light most

2   favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir.

3   2004).

4       Defendant has met the standard for summary judgment and fulfilled its initial burden.

5   Aside from his unsubstantiated claim that he did not receive due process, Plaintiff fails to

6   come forward with a material issue of fact which concerns the frivolous return penalty.

7       26 U.S.C. § 6330 prescribes the matters that may properly be raised by the taxpayer

8   at the CDP hearing, which include spousal defenses, appropriateness of collection actions,

9   and possible alternative means of collection. 26 U.S.C. § 6330(c)(2)(A); *see also Goza v.*

10  *Comm'r.*, 114 T.C. 176, 180 (2000). After the CDP hearing, the taxpayer may appeal to the

11  appropriate court. 26 U.S.C. § 6330(d). When the validity of the tax liability is properly at

12  issue in the CDP appeals hearing, the Court conducts a *de novo* review of the amount of tax

13  liability. However, when the validity of the tax liability is not properly at issue, the Court

14  will review the IRS's determination for abuse of discretion. *Goza*, 114 T.C. at 181-82

15  (quoting H.R. Rep. No. 105-599, at 266 (1998)).

16      In challenging the penalty, Plaintiff failed to raise any of the aforementioned matters

17  under 26 U.S.C. § 6330. Plaintiff argued in his CDP hearing request that no false W-4 was

18  filed and that the IRS failed to establish the basis for the penalty. Further, Plaintiff also

19  raised frivolous arguments in his Complaint: alleging that IRS records were insufficient and

20  that the Appeals Officer's decision was arbitrary and capricious. The Court concludes that

21  the validity of the assessment is not properly at issue, and will review the IRS's

22  determination for abuse of discretion.

23      The IRS assessed a $500.00 frivolous return penalty against Plaintiff for filing a false

24  W-4 concerning his 2003 income tax withholdings. 26 U.S.C. § 6702 provides:

25      (a) Civil Penalty. If -

26          (1) any individual files what purports to be a return of the tax imposed
        by subtitle A but which -

27

28              (A) does not contain information on which the substantial
        correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to –

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impeded the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

26 U.S.C. § 6702(a). The IRS determined that Plaintiff's 2003 W-4, supplemented by the Form 843, fulfill the two conditions of a frivolous tax return subject to civil penalty. First, Plaintiff's return contained information that was substantially incorrect. 26 U.S.C. § 6702(a)(1)(B). Second, Plaintiff's position regarding income tax withholdings was frivolous. 26 U.S.C. § 6702(a)(2)(a). Plaintiff's return was deemed frivolous because he claimed that he was not an employee for general wage withholding. The Ninth Circuit Court of Appeals has rejected the "wages are not income" argument as frivolous and upheld income tax assessments against the taxpayer. *Olson v. United States*, 760 F.2d 1003, 1005 (9th Cir. 1985) (finding the Ninth Circuit repeatedly rejected the argument that wages are not income therefore, the IRS has jurisdiction to assess a penalty against the plaintiff);[1] *see also Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir. 1984) (per curiam) ("Taxpayers' claim that their wages are not income is frivolous"). Therefore, Plaintiff's claim that he is exempt from income tax withholdings for the 2003 tax year is frivolous, and the IRS appropriately assessed a civil penalty under 26 U.S.C. § 6702.

Under 26 U.S.C. § 6330, prior to issuing an administrative tax levy, the IRS must give a taxpayer notice of an opportunity to request a CDP hearing before the IRS Office of Appeals. 26 U.S.C. § 6330(a-b). Plaintiff received notice of the IRS's proposed levy, along with notice of the right to a CDP hearing, and made a written demand for the hearing. Plaintiff failed to appear at the CDP hearing scheduled October 18, 2004. The IRS Appeals

---

[1] The *Olson* court also held that the plaintiff raised "totally meritless" arguments on appeal; therefore, he was liable for double costs and attorney fees. *Olson*, 760 F.2d at 1005.

Officer verified that appropriate administrative procedures had been followed and determined that the assessment was valid.[2]   Therefore, the Court finds that the IRS's assessment of the $500 penalty under 26 U.S.C. § 6702 regarding Plaintiff's 2003 income tax return was not an abuse of discretion.  Plaintiff has failed to raise any issues of genuine material fact in his Objection.  For these reasons, the Court grants Defendant's Motion for Summary Judgment affirming the frivolous return penalty assessed against Plaintiff.

## B.   Motion to Dismiss Judicial Review of Income Tax Liabilities

Citing lack of subject matter jurisdiction, Defendant moves to dismiss Plaintiff's claim for judicial review of the income tax liabilities assessed for the 1994, 1995, and 1996 tax years.  26 U.S.C. § 6330 provides:

(d) Proceeding after hearing. –

(1) Judicial review of determination. – The person may, within 30 days of a determination under this section, appeal such determination –

(A) to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

(B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 U.S.C. § 6330(d).  When the proposed collection action at issue in a CDP hearing involves income tax liability, as it does in this portion of Plaintiff's claims, judicial review over any determination made by the IRS lies with the United States Tax Court, not the District Court.  *See* Treas. Reg. § 301.6330-1(f)(2), Q&A (F)(3).  The Treasury Regulation clearly provides the Tax Court with exclusive jurisdiction over Plaintiff's income tax liabilities: "If the Tax Court would have jurisdiction over the type of tax specified in the CDP Notice (for example income and estate taxes), then the taxpayer *must* seek judicial review

---

[2]   Plaintiff argues in his Complaint that the IRS did not have an adequate administrative record to assess the 26 U.S.C. § 6702 penalty for the frivolous return. However, the Court disagrees.  The IRS Appeals Officer properly relied upon Form 4340 (Certificate of Assessments and Payments) in verifying the $500 penalty.  *See Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993) ("IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed"); *Farr v. United States*, 990 F.2d 451, 454 (9th Cir. 1993).

by the Tax Court." Treas. Reg. § 301.6330-1(f)(2), A (F)(3) (emphasis added). Plaintiff seeks judicial review of a determination regarding his income tax liabilities for the 1994, 1995, and 1996 tax years. Jurisdiction over this claim under 26 U.S.C. § 6330(d) lies with the United States Tax Court, not this Court.[3] Therefore, Plaintiff's claims with respect to the underlying income tax liabilities for 1994, 1995, and 1996 are dismissed for lack of subject matter jurisdiction.

**C.     Motion to Dismiss Request for Injunctive Relief**

In his Amended Complaint, Plaintiff seeks an injunction against the further collection of the levies at issue in the CDP hearing. Plaintiff correctly argues that continuing IRS collection action may be enjoined in appropriate circumstances. *See* 26 U.S.C. § 6330(e)(1). However, on October 31, 2005, the IRS ceased collecting under the levies at issue. Therefore, Plaintiff's claim for injunctive relief is moot and cannot proceed.

The doctrine of mootness provides that a claim becomes nonjusticiable whenever the issues sought to be adjudicated have been resolved by developments subsequent to the complaint's filing. *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986) (finding that a federal court does not have jurisdiction when there is no justiciable matter presented). *See also IUFA v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted").

As mentioned above, collection on the levies ceased; therefore, the issues raised by Plaintiff's claim for injunctive relief are now moot. The Court lacks jurisdiction and dismisses Plaintiff's request for injunctive relief.

**D.     Motion to Dismiss Unauthorized Collection Damages**

With respect to Plaintiff's claim for damages for the unauthorized collection action, Defendant moves to dismiss for lack of subject matter jurisdiction. Defendant argues that

---

[3] Plaintiff's failure to petition the proper court for review of the IRS's determination with respect to the income tax liabilities is not, by itself, fatal to his claim. 26 U.S.C. § 6330(d)(1) permits Plaintiff to re-file with the proper court within 30 days of this Order.

1   Plaintiff has failed to fulfill the necessary conditions to bring a damages claim.  Further,

2   Defendant argues that Plaintiff brings the claim under an improper statute.  Plaintiff alleges

3   damages under 26 U.S.C. § 6334 for property seized by the IRS after he requested the CDP

4   hearing.  Pursuant to 26 U.S.C. § 6330, when a taxpayer requests a hearing, levy actions shall

5   be suspended.  26 U.S.C. § 6330(e)(1).

6        26 U.S.C. §§ 7432 and 7433 waive the United States' sovereign immunity with regard

7   to civil actions for damages where any officer or employee of the IRS knowingly or

8   negligently fails to release a lien on the property of a taxpayer, 26 U.S.C. § 7432(a), or

9   recklessly, intentionally or negligently disregards any provision of the Internal Revenue Code

10  in connection with any collection of federal tax with respect to a taxpayer, 26 U.S.C. §

11  7433(a).  However, the United States' sovereign immunity from such a suit is not waived

12  unless the taxpayer-plaintiff first exhausts administrative remedies.  *See* 26 U.S.C. §

13  7432(d)(1); 26 U.S.C. § 7433(d)(1).  In order to exhaust the administrative remedies, the

14  taxpayer must submit a written damage claim containing the statutory requirements to the

15  district director in the district where the taxpayer resides.  Treas. Reg. § 301.7433-1(e).

16  Accordingly, any failure to exhaust the administrative remedies mandated by 26 U.S.C. §§

17  7432 and 7433 deprives this Court of jurisdiction.  *See Conforte v. United States*, 979 F.2d

18  1375, 1377 (9th Cir. 1992); *Venen v. United States*, 38 F.3d 100, 103 (3rd Cir. 1994).

19       In his Amended Complaint, Plaintiff seeks damages for unauthorized collection action

20  under 26 U.S.C. § 6334, not under 26 U.S.C. §§ 7432 and 7433.  26 U.S.C. § 6334(d)

21  provides for submission of a statement used by the IRS to determine the amount of

22  taxpayer's wages exempt from levy; however, it is irrelevant to an action for damages.  Even

23  if Plaintiff had brought his claim for damages under the proper statutes, he has failed to

24  submit an administrative claim for damages within the meaning of 26 U.S.C. §§ 7432 and

25  7433; therefore, he has not exhausted his administrative remedies and relief cannot be

26  granted by this Court.  Thus, the United States' sovereign immunity remains in place, and

27  this Court lacks jurisdiction over Plaintiff's claim for damages.

28

III.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Court overrules Plaintiff's Objection (Doc. # 27) and grants Defendant's Renewed Motion for Summary Judgment affirming the frivolous penalty assessed against Plaintiff (Doc.# 23);

**IT IS FURTHER ORDERED** that the Court grants Defendant's Renewed Motion to Dismiss Plaintiff's remaining claims for lack of jurisdiction (Doc. # 23) terminating the case; and the Clerk of the Court shall enter judgment accordingly.

DATED this 26th day of June, 2006.

James A. Teilborg
United States District Judge